Filed 10/29/14  Wijeyewardene v. CitiMortgage CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| LLOYD WIJEYEWARDENE, | B249147 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC472522) |
| v. | |
| CITIMORTGAGE, INC., a New York Corporation, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mary H. Strobel, Judge.  Affirmed.

Law Office of Robert S. Altagen and Robert S. Altagen for Plaintiff and Appellant.

Wolfe & Wyman, Stuart B. Wolfe, and Samantha N. Lamm for Defendants and Respondents.

_____

Plaintiff Lloyd Wijeyewardene appeals from the summary judgment entered in favor of defendants CitiMortgage, Inc. and Bank of America, N.A. on his complaint for promissory estoppel and quiet title.  We affirm.

In October 2006, plaintiff refinanced his home, obtaining a new loan in the principal amount of $881,000.  The loan was secured by a deed of trust against plaintiff's home.

In June 2009, plaintiff and CitiMortgage "entered into a loan modification agreement, which capitalized the arrearages and extended the terms of the loan."  Plaintiff nonetheless defaulted on his home loan in March 2010, and the trustee recorded a notice of default on August 16, 2010.  On November 17, 2010, the trustee recorded a notice of trustee's sale and set the sale for December 8, 2010.

On August 11, 2011, Amanda Gittemeier of CitiMortgage entered into an agreement with plaintiff to postpone the foreclosure sale, which was scheduled to take place on August 15, 2011.  According to defendants, Gittemeier agreed to postpone the sale for 60 days if plaintiff made a good faith payment of $2,010.  According to plaintiff, Gittemeier agreed that if plaintiff applied for a loan modification and made a good faith payment of $2,010, then the sale would be postponed as long as the loan modification application was pending.  Plaintiff made the $2,010 payment on August 11, 2011.

On October 10 and October 12, 2011, CitiMortgage determined that plaintiff did not have sufficient income to qualify for a loan modification.[1]  On October 11, 13, and 14, 2011, CitiMortgage sent plaintiff letters denying his request for a modification.[2]

On October 18, 2011, the trustee foreclosed.[3]  On October 21, 2011, the trustee recorded the trustee's deed upon sale.

---

[1]   In his separate statement, plaintiff identifies this fact as disputed, but he cites only his own declaration, which contains no contrary evidence on this point.

[2]   In his separate statement, plaintiff identifies this fact as disputed, but he cites only his own declaration, which contains no contrary evidence on this point.

[3]   In his separate statement, plaintiff identifies this fact as disputed, but he cites only his declaration, which concedes that the foreclosure took place on October 18, 2011.

On November 9, 2011, plaintiff filed suit. The operative second amended complaint alleges claims for promissory estoppel and quiet title. Plaintiff alleges that CitiMortgage led him to the false beliefs that "he would be able to save his home during the period when the agreed payments were made and the loan modification application was still pending" and that "he would not lose the home until [CitiMortgage] had the time . . . to either reject or accept the application." He alleged that as a result of that wrongful conduct, he failed to pursue various courses of action to protect his interests, such as filing a bankruptcy petition. He also alleges that CitiMortgage's allegedly wrongful conduct rendered the foreclosure sale invalid, so he is still the rightful owner of the home.

Defendants moved for summary judgment, arguing that the undisputed facts show that plaintiff's claims fail as a matter of law because CitiMortgage postponed the foreclosure for (more than) 60 days and did not foreclose until after denying plaintiff's loan modification application.

The superior court granted defendants' motion. The court agreed that plaintiff's claims lacked merit because the undisputed facts showed that CitiMortgage foreclosed "*after* reviewing and denying Plaintiff's loan modification [application]." The court entered judgment in favor of defendants, and plaintiff timely appealed.

On appeal, plaintiff argues, as he did in the trial court, that CitiMortgage's "ongoing request for loan modification documents up until the eve of foreclosure represented [an] existing clear and unambiguous promise that [the] loan modification was still in progress." (Bold omitted.) We are not persuaded. For example, plaintiff cites evidence that CitiMortgage was requesting documents on October 5 and 6, 2011, when the loan modification application was undisputedly still pending. He cites no evidence that CitiMortgage requested additional documents after October 10 and 12 (when the application was denied) or after October 11, 13, and 14 (when CitiMortgage sent him letters notifying him of the denial). Plaintiff also points to the absence of evidence that Gittemeier herself informed him that "the foreclosure was going to take place," but he does not explain how that point could be relevant. The undisputed

evidence shows that CitiMortgage denied the loan modification application and repeatedly informed plaintiff of the denial before foreclosing.[4]

We conclude that the superior court did not err by granting summary judgment in favor of defendants.

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs of appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


MILLER, J.[*]

---

[4]     Plaintiff also contends that CitiMortgage's servicing notes support his position in various ways.  As support, he cites only an attorney declaration that describes the notes on the basis of a "cursory review" of the relevant documents, but he does not cite the notes themselves.  We conclude that the servicing notes do not support plaintiff's position, for the reasons already given and for the reasons given by the trial court, none of which plaintiff addresses.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.